UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 03-CR-0073-CVE |
| | ) (05-CV-0455-CVE) |
| | ) |
| HENRY DARIAN WILSON, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is Defendant's 2255 Motion (Dkt. # 50) and Motion to Proceed <u>In Forma Pauperis</u>, Motion for Appointment of Attorney, Motion for Evidentiary Hearing, and Motion for Order Directing the United States Attorney to Respond (Dkt. # 51). Defendant, who is presently confined in the Federal Correctional Institution in Seagoville, Texas, claims that he is not receiving credit for time served in the Tulsa County Jail from February 11, 2003, the date of his arrest, to May 30, 2003, the date the United States Attorney filed a felony information against him. As a result, he claims, the Bureau of Prisons ("BOP") has miscalculated his release date.

After reviewing defendant's motion, the Court concludes that the motion is not properly brought under 28 U.S.C. § 2255. Defendant does not challenge the validity of a federal conviction or sentence. Rather he seeks review of the execution of a validly imposed sentence. Defendant's petition is, therefore, more appropriately brought under 28 U.S.C. § 2241. See <u>Haugh v. Booker</u>, 210 F.3d 1147, 1149 (10th Cir. 2000) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . . A 28 U.S.C. § 2255 petition attacks the legality of detention . . . ."); <u>United States v. Furman</u>, 112 F.3d 435, 438 (10th Cir. 1997) (noting that petitioner's

objections concerning good-time credit and parole procedure, go to the execution of sentence, and thus, should be brought against defendant's custodian under 28 U.S.C. § 2241); United States v. Scott, 803 F.2d 1095, 1096 (10th Cir. 1986) ("When an action addresses the execution of a sentence rather than the validity of the sentence, [section] 2255 relief is unavailable."). A claim under 28 U.S.C. § 2241 must be brought in the district in which the prisoner is confined. Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2001). Since defendant is presently confined in a federal correctional facility contained within the Northern District of Texas, this Court has no jurisdiction over defendant's claim, and his petition must be brought within that district.

If a court lacks jurisdiction to hear a defendant's habeas petition, it may transfer defendant's case to the appropriate judicial district if the interests of justice are served by such a transfer. 28 U.S.C. § 1631. The Tenth Circuit has stated, however, that before transferring a case, "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." Haugh, 210 F.3d at 1150. Having peeked at the merits of defendant's claim, the Court determines that judicial review is not yet appropriate because he has not exhausted the administrative remedies available through the BOP to challenge the computation of a federal sentence.[1]

"After a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons], has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1992). Federal regulations provide prisoners with an administrative review

---

[1] The Tenth Circuit has held that it is appropriate for a district court to invoke, sua sponte, the issue of exhaustion. See, e.g., Odum v. Boone, 62 F.3d 327, 333 n.2 (10th Cir. 1995) (noting that a federal court may, but need not, raise the issue of non-exhaustion sua sponte)..

procedure if they wish to contest the execution of their sentence. See, e.g., id. The Administrative Remedy Program, embodied in 28 C.F.R. §§ 542.10-542.19, allows inmates to pursue "formal review of an issue relating to any aspect of his/her confinement," 28 C.F.R. § 542.10, including computation of a sentence. Prisoners may seek judicial review of the computation of their sentence after exhausting the administrative remedies provided by federal regulation. Wilson, 503 U.S. at 335; see also Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986) (noting that because the BOP is in a superior position to investigate the facts, judicial intervention is usually deferred until administrative remedies have been exhausted); Torres v. Peterson, No. CIV-04-935-C, 2004 WL 3354509, at *1 (W.D. Okla. May 29, 2005) ("Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, the law in this Circuit generally requires an inmate to exhaust BOP's administrative remedies before seeking federal habeas relief.").

Defendant has not demonstrated that he has exhausted the appropriate administrative remedies available through the BOP, and judicial intervention at this stage would be premature. His motion under 28 U.S.C. § 2255 (Dkt. # 50) is hereby **dismissed without prejudice** for failure to exhaust administrative remedies. His motion for appointment of counsel, for evidentiary hearing, and for an order directing the United States Attorney to respond (Dkt. # 51) is also **denied**. Those requests, along with his claim for relief under 28 U.S.C. § 2241, are appropriately brought in the Northern District of Texas, the district of his confinement, upon exhaustion of defendant's administrative remedies.

**DATED** this 17th day of August, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

3